Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Demandante - Apelada<br><br>v.<br><br>DAVID EFRON, NORFE GROUP CORPORATION<br><br>Demandado - Apelante | KLCE202401117 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Caso núm.: SJ2024CV04141 (201)<br><br>Sobre: Cobro de dinero – Ordinario, Ejecución de Hipoteca: Propiedad Residencial |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de octubre de 2024.

El Tribunal de Primera Instancia ("TPI") denegó una moción de desestimación por las alegaciones de una demanda de cobro de dinero y ejecución de hipoteca. Según se explica en detalle a continuación, declinamos la invitación a intervenir con la decisión recurrida, pues la demanda contiene una causa de acción viable y las alegaciones del demandado no encuentran apoyo alguno en el récord.

I.

En la acción de referencia (la "Demanda"), presentada en mayo de 2024 por el Banco Popular de Puerto Rico (el "Banco") en contra del Sr. David Efrón (el "Deudor") y Norfe Group Corporation, se alega que el Banco es tenedor de un pagaré hipotecario suscrito por los demandados. Se asevera en la Demanda que el pagaré está garantizado por un inmueble ubicado en Guaynabo, y que los demandados deben más de un millón de dólares en principal, más intereses, recargos, costas, gastos y honorarios, todo lo cual está vencido, líquido y exigible. También se alegó en la Demanda,

afirmativamente, que los demandados no habían "radicado una solicitud completa para ser evaluado por la Unidad de Loss Mitigation, que amerite la paralización de este proceso judicial".

A finales de julio, el Deudor presentó una Moción de Desestimación (la "Moción"). Alegó que, en **enero de 2020**, el Banco había aceptado, en otro caso ante el TPI, que el Deudor había "completado y sometido solicitud para evaluación a su departamento de *Loss Mitigation*". El Deudor arguyó que esta solicitud aún estaba pendiente de evaluarse, por lo que la ley federal pertinente le impedía al Banco presentar la Demanda.

El Banco se opuso a la Moción. Subrayó que, en **marzo de 2020**, se le había aprobado al Deudor "un periodo de prueba como primer paso a una modificación", pero este "prefirió acogerse a la moratoria especial de cuatro (4) meses por la propagación mundial del COVID-19". **El Banco acompañó una carta de abril de 2020**, en la cual se le informó al Deudor que consideraba como "incompleta" su solicitud de mitigación de pérdidas y que este tendría la opción de presentar una nueva solicitud.

El Banco aseveró que el Deudor "nunca volvió a presentar una solicitud completa de *loss mitigation*". El Banco también acompañó copia de varias cartas enviadas a los demandados en diciembre de 2022, noviembre de 2023 y marzo de 2024, en las cuales se les advirtió que tenían la opción de solicitar al Departamento de Mitigación de Pérdidas del Banco ser evaluados para diversas alternativas que podrían "permitirle conservar la propiedad".

El Deudor replicó; insistió en que el Banco nunca había emitido una "disposición final" en cuanto a su solicitud del año 2020, por lo cual nunca había estado obligado a presentar una nueva solicitud.

El Banco duplicó; resaltó que los escritos del Deudor carecían de apoyo en la forma de documentos o declaraciones juradas.

Sostuvo que, según sus récords, copia de los cuales se anejaron, el Banco intentó "comunicarse por teléfono con el demandado en más de cincuenta (50) ocasiones, dejando mensaje con su secretaria, en la grabadora y con un compañero de trabajo", pero el Deudor "nunca se volvió a comunicar con el Banco".

Mediante una Resolución notificada el 27 de agosto (la "Resolución"), el TPI denegó la Moción.

El 9 de septiembre, el Deudor solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante una Resolución notificada el 12 de septiembre.

Aún inconforme, el 15 de octubre (primer día laborable luego del viernes 11 de octubre), el Deudor presentó el recurso que nos ocupa, en el cual reproduce lo planteado al TPI en cuanto a la Moción.  Disponemos.

II.

La Regla 10.2 de las de Procedimiento Civil permite que una reclamación sea desestimada por dejarse de exponer una reclamación que justifique la concesión de un remedio. 32 LPRA Ap. V, R. 10.2 (2010).  El tribunal debe ponderar la moción de forma que se tomen "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas", y deberá interpretarlos conjuntamente, liberalmente y de la forma más favorable para la parte demandante.  *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428-29 (2008).

Con esto es importante tener en cuenta que el contenido de una demanda debe incluir "una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio...".  Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1. (2010).  No es necesario entonces, que la parte demandante detalle minuciosamente en sus alegaciones lo ocurrido, sino que demuestre

a grandes rasgos los méritos de su reclamación, mediante una exposición sucinta y sencilla de los hechos. *Torres Torres v. Torres Serrano*, 179 DPR 481, 501 (2010).

Asimismo, una moción de desestimación al amparo de la Regla 10.2 (5) procederá si, luego de examinada, el TPI determina que, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es insuficiente para constituir una reclamación válida. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012); *Colón v. San Patricio Corp.*, 81 DPR 242, 266 (1959). En otras palabras, el promovente de la moción de desestimación tiene que demostrar que, presumiendo que lo allí expuesto es cierto, la demanda no expone una reclamación que justifique la concesión de un remedio. *Rosario v. Toyota*, 166 DPR 1, 7 (2005); *Pressure Vessels v. Empire Gas*, 137 DPR 497, 505 (1994).

III.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene discreción para decidir si expide o no el recurso. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción. La referida regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII–B, R. 40.

IV.

Considerados los criterios de la Regla 40, a la luz de la totalidad del expediente del caso, hemos determinado declinar la invitación del Deudor a intervenir con la determinación del TPI de denegar la Moción. No apreciamos error de derecho, ni abuso de discreción, en la decisión recurrida.

De hecho, surge claramente de la Demanda que se aduce una causa de acción viable, pues se alega, en lo pertinente, que al presentarse la misma, el Banco no tenía pendiente una solicitud de mitigación de pérdidas. Aunque el Deudor <u>alega</u> que ello no es cierto, el récord actualmente no sustenta su postura. Al contrario, consta ante el TPI una carta de abril de 2020, dirigida al Deudor, en la cual se le informó que su solicitud se consideraba como incompleta. Más aún, el Banco sometió al TPI abundante prueba de varias comunicaciones escritas posteriores, dirigidas al Deudor, en las cuales el Banco le invitaba a presentar una solicitud de

mitigación de pérdidas, así como récords de los intentos de comunicación por teléfono con el Deudor.

En fin, de las alegaciones de la Demanda, tomadas como ciertas e interpretadas de forma liberal, como se requiere en esta etapa, surge una causa de acción viable, y el TPI actuó acertadamente al denegar la Moción.

V.

Por los fundamentos anteriormente expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones